IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH W. FARMER, | : |
| Plaintiff, | : CIVIL NO. 4:CV-09-0166 |
| v. | : (Judge McClure) |
| CATHERINE C. McVEY, *et al.*, | : |
| Defendants. | : |

## **MEMORANDUM**

April 13, 2009

Joseph W. Farmer ("Farmer"), an inmate confined at the Dallas State Correctional Institution ("SCI-Dallas") in Dallas, Pennsylvania, initiated this *pro se* action by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983. (Record document no. 1.) Farmer also has filed an application to proceed *in forma pauperis* and has paid $300.00 toward the required $350.00 filing fee. (*See* Record document nos. 2, 6.) Based on the request to proceed *in forma pauperis*, the case is before the Court for screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

## **BACKGROUND**

Farmer alleges that the application of the 1996 and subsequent amendments to

the parole guidelines unfairly affected his parole eligibility.[1]  He makes three (3) claims in his Complaint.  First, he alleges that, in her capacity as the Chair of the PBPP, Defendant McVey knew that the PBPP Board members who are named as Defendants in this action "used the new harsher 1996 parole amendments and subsequent amendments and also met federal grant awards requirements retroactively during [Farmer's] incarceration and parole hearings." (*See* Record document no. 1 at 2.)  Farmer describes the amendments and "federal grant awards requirements" as follows:

> changed the designation of inmates and parolees from 'clients' to 'offenders', enacting legislation establishing certain offenses as 'violent', provide sufficiently severe punishment for certain offenses, emphasizing public safety as the first priority, federal grant awards that effect [*sic*] parole eligibility/suitability, expanding the one year review date by giving review dates in excess of the one year review thus complying with the federal grant awards requirements for certain violent offenses, increased the minimum date from 50% to 85% of the statutory maximum

---

[1]Named as Defendants are Catherine McVey, the Chair of the Pennsylvania Board of Probation and Parole ("PBPP"); Walter Phillips, Chair of the Pennsylvania Commission on Crime and Delinquency; James Thomas, Executive Director of the Pennsylvania Commission on Crime and Delinquency; Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections ("DOC"); William Ward, Allen Castor, Barbara Descher, Richard Kipp, Gary Lucht, Benjamin Martinez, Nicholas Muller, Sean Ryan, and Michael Webster, Board Members of the PBPP; Donald Vaughn and David DiGuglielmo, Superintendents of the Graterford State Correctional Institution ("SCI-Graterford"); and James Wynder and Michael Klopotoski, Superintendents of SCI-Dallas.

2

> thus effecting [*sic*] parole eligibility/suitability, increased the composition of the parole hearing panel from one person to two persons, requiring three signatures for violent offenders instead of two signatures and numerous other changes made in 1996.

(*See id.* at 3.)  Farmer alleges that non-violent offenders were not affected by the "above unconstitutional violations" and that their application affected his parole eligibility/suitability unfairly. (*See id.*)

Next, Farmer alleges that, in his capacity as Chair of the Pennsylvania Commission on Crime and Delinquency, Defendant Phillips knew about the procurement of federal grant awards by Defendant Thomas, the Executive Director of the Commission.  (*See id.* 2.)  Farmer claims that Thomas procured the federal grant awards for the DOC and that they were used retroactively, thus affecting Farmer's parole eligibility because his minimum date was increased from 50% to 85% for certain violent offenses.  (*See id.* at 3-4.)  He further claims that the PBPP has an "influential effect on the federal grant awards, because of its unconstitutional procedures and policies which also are used retroactively and unfairly."  (*See id.* at 4.)  Farmer alleges that the PBPP also has received grants from Phillips.  (*See id.*)

Finally, Farmer alleges that, in his capacity as DOC Secretary, Defendant Beard knew that Superintendents Vaughn, DiGuglielmo, Wynder, and Klopotoski were aware of and used the unconstitutional federal grant awards requirements that

provided for "sufficiently severe punishment and increasing the minimum date from 50% to 85% for certain violent offenses" and the 1996 and subsequent amendments to the parole guidelines, all of which affected Farmer's parole eligibility/suitability unfairly.  (*See id.* at 2, 4.)  Farmer claims that there is a free exchange of information between the PBPP and the DOC.  (*See id.* at 4.)  He alleges that the PBPP has an "influential effect on the above-named defendants and on the federal grant awards requirements because of its unconstitutional procedures and policies which also are used retroactively and unfairly."  (*See id.*)

Farmer alleges that Defendants' "deliberate indifference" in "fail[ing] to act on information they should have known or a reasonable person in their situation would have known" denied him due process and violated the *Ex Post Facto* clause.  (*See id.* at 4-5.)  He claims that the "wrong procedures and policies were applied retroactively and unfairly during [his] incarceration and parole hearings."  (*See id.* at 5.)  Farmer alleges that these violations took place during his incarceration and parole hearings at SCI-Graterford between 1995 and 2008, and at SCI-Dallas from December 6, 2007 through the present.  (*See id.*)

As relief, Farmer seeks $13.5 million in damages from Defendants for their deliberate indifference; $13.5 million in damages from Defendants to compensate him

for their determination that he was ineligible for parole; and declaratory and injunctive relief directing the PBPP to grant him an immediate parole hearing using constitutionally proper procedures and policies.  (*See id.* at 6.)

**DISCUSSION**

28 U.S.C. § 1915(e)(2) states, in relevant part, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (I) i**s** frivolous or malicious."  28 U.S.C. 1915(e)(2)(B)(I).  A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).  In *Deutsch v. U.S.*, 67 F.3d 1080, 1083 (3d Cir. 1995), the Court of Appeals added that "the plain meaning of the term 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  "The frivolousness determination is a discretionary

one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 24, 33 (1992). After screening the instant Complaint, the Court has concluded that it is subject to dismissal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

Farmer's claims regarding the validity of his parole proceedings constitute a challenge to the fact or duration of his imprisonment. It is well-settled that prisoners cannot use 42 U.S.C. § 1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Therefore, Farmer's claims are subject to dismissal because they must be brought in a properly filed petition for writ of habeas corpus.

Farmer's claim for damages also is subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

"Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy the *Heck* element." *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). *See also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (finding that *Heck* applies to parole revocation challenges); *Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 833 (D.N.J. 1996) (applying *Heck,* Plaintiff's 1983 claim, premised on the denial of a timely parole hearing and the allegedly erroneous calculation of his parole eligibility date, was held "not cognizable, unless Benson can prove that his sentence, or more specifically, the calculation of the duration of his sentence, has been invalidated . . . ."); *Pleaze v. Young*, Civil No. 3:09-CV-0240, 2009 WL 506856, at *2 (M.D. Pa. Feb. 27, 2009).

While Farmer alleges that the procedures followed at his parole hearings from 1995 through the time of filing his Complaint were unconstitutional, there has been no prior adjudication as to the validity of his parole proceedings. A finding in Farmer's favor in this case clearly would imply the invalidity of those proceedings. As a result, Farmer's claim for damages also must be dismissed.

**CONCLUSION**

For the foregoing reasons, Farmer's challenge to the validity of his parole proceedings will be dismissed without prejudice to his right to pursue relief in a properly filed petition for writ of habeas corpus. His claims for damages also will be dismissed.

An appropriate Order will enter.

  s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH W. FARMER, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-09-0166 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| CATHERINE C. McVEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### ORDER

April 13, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's application to proceed *in forma pauperis* (Record document no. 2) is construed as a motion to proceed without full prepayment of fees and costs, and the motion is **GRANTED**.[2]

2. Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

---

[2] Dismissal of this action does not relieve Farmer of the obligation to pay the full filing fee. As noted in the accompanying Memorandum, Farmer already has paid $300.00 toward the fee. (*See* Record document no. 6.) However, until the remaining $50.00 is paid, the Administrative Order (Record document no. 5) is binding on the Warden of SCI-Dallas, as well as the Superintendent of any correctional facility to which Farmer is transferred.

3. Plaintiff's challenge to the validity of his parole proceedings is **DISMISSED** without prejudice to his right to file a petition for writ of habeas corpus.

4. The Clerk of Court shall **CLOSE** this case.

5. Any appeal from this Order is deemed frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge