UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH W. FARMER,                    :
                                     :CIVIL ACTION NO. 4:09-CV-166
          Plaintiff,                 :
                                     :(JUDGE CONABOY)
          v.                         :(Magistrate Judge Carlson)
                                     :
CATHERINE C. McVEY, et al.,          :
                                     :
          Defendants.                :
                                     :

---

**MEMORANDUM**

Here we consider Magistrate Judge Martin C. Carlson's Report
and Recommendation (Doc. 54) issued on January 24, 2011, in which
he recommends the Court grant Defendants' Motion to Dismiss (Doc.
21) and Plaintiff's Amended Complaint (Doc. 21) be dismissed.
Plaintiff filed objections to the Report and Recommendation on
February 8, 2011.  (Doc. 55.)  Defendants filed a Brief in
Opposition to Plaintiff's Objections to Magistrate Judge Carlson's
January 24, 2011 Report and Recommendation (Doc. 56) on February
17, 2011.  Plaintiff has not filed a reply brief and the time for
doing so has passed.  Therefore, this matter is ripe for
disposition.

When a magistrate judge makes a finding or ruling on a motion
or issue, his determination should become that of the court unless
objections are filed.  *See Thomas v. Arn*, 474 U.S. 140, 150-53
(1985).  Moreover, when no objections are filed, the district court
is required only to review the record for "clear error" prior to
accepting a magistrate judge's recommendation.  *See Cruz v. Chater*,

990 F. Supp. 375, 378 (M.D. Pa. 1998).  However, when objections are filed to a magistrate judge's Report and Recommendation, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made.  *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987).

Because Plaintiff filed objections, we have undertaken a *de novo* review of those matters to which he objected.  Having done so, for the reasons discussed below we concur in part with the Report and Recommendation (Doc. 54).  We conclude that Defendants' Motion to Dismiss (Doc. 29) is properly granted except as to Plaintiff's Ex Post Facto claim related to the Violent Offenders Incarceration and Truth-In-Sentencing Act, 42 U.S.C. § 13704, *et seq.*  The Motion to Dismiss is denied as to this claim.

## I. Background

Plaintiff is a Pennsylvania state inmate.  On December 11, 1981, Plaintiff was arrested and charged with "Aggravated Assault, Unlawful Restraint, and Rape, of a co-worker, . . . on the evening of December 10, 1981."  *Farmer v. McVey*, Civ. No. 05-6383, 2007 WL 1276948, at *1 (E.D. Pa. May 1, 2007).  On May 10, 1982, a jury found Plaintiff guilty of these offenses.  *Id.*  On January 24, 1983, he was sentenced to an aggregate term of 13 ½ years to 32 years imprisonment.  *Id.*

Plaintiff asserts that at the time of his conviction "the

2

following Parole Acts were established law: Act of 1941, Act of 1943 and Act 501, 1965." (Doc. 45 at 8.) Plaintiff further asserts that the Pennsylvania sentencing guidelines provide that a minimum term is not to exceed one-half of the maximum term (*id.* (citing 42 Pa. C.S. § 9756(b))) and that parole may be granted after expiration of the minimum term (*id.* (citing 61 Pa. C.S. § 331.21)).

Plaintiff also avers the following.

> In 1995, the defendants, implemented the 1996 Parole Amendments before its effective date. The utilization of the new procedure/policies retroactively by the defendants, affected the plaintiff's parole eligibility/suitability unfairly. The use of the unconstitutional procedure/policies violates the plaintiff's constitutional rights, and the U.S. Constitution's Due Process and Ex Post Facto Clauses. These violations took place during the plaintiff's incarceration/parole proceedings, at SCI-Graterford between 1994 and 2008, and also at SCI-Dallas from December 6, 2007, to the present.

(Doc. 45 at 9.)

Plaintiff also asserts claims related to the Violent Offender and Truth-In-Sentencing (VOI/TIS) Incentive Grants, 42 U.S.C. §§ 13701 and 13704. (Doc. 21 at 7-9.) He claims harm based on the retroactive application of these provisions, specifically a change in his classification and the increased length of a minimum term he must serve. (*Id.* at 7.)

Plaintiff claims he is seeking damages "equal to or greater

3

than $13.5 million." (Doc. 45 at 9.) He also seeks "declaratory and injunctive relief, and a new parole hearing using procedures/policies that were in effect at the time of his conviction/sentencing. (*Id.*) Plaintiff is not seeking immediate or speedier release, and not challenging the denial of parole, or to overturn the results of any prior parole hearings." (*Id.*)

## II. Procedural History

Defendants provide the following uncontested procedural history in their Brief in Support of Motion to Dismiss (Doc. 30).

> Plaintiff initially commenced this litigation against some of the current defendants on January 27, 2009. This Court reviewed the Complaint and, *sua sponte*, dismissed it as frivolous because it concluded that Plaintiff was challenging the fact or duration of his confinement and, thus, the appropriate vehicle for litigation was a writ of habeas corpus.

> Plaintiff appealed to the Third Circuit. Despite acknowledging that claims involving the fact or duration of confinement must be brought through writs for habeas corpus, the Court vacated the matter as it concluded that Plaintiff's Complaint did not provide sufficient details to determine whether his claims were cognizable under 42 U.S.C. § 1983. After remand, this Court reviewed Plaintiff's Complaint and, because this initial pleading did not provide sufficient detail to assess whether a claim had been alleged, this Court allowed Plaintiff the opportunity to file an Amended Complaint.

> Plaintiff filed his Amended Complaint-- adding further defendants--on or about January 26, 2010. Thereafter, Defendants received waiver of service forms dated March 30, 2010. These forms have been completed

and returned.

(Doc. 30 at 7-8.)

Defendants filed the pending Motion to Dismiss (Doc. 29) on April 21, 2010, asserting that Plaintiff's Amended Complaint (Doc. 21) fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). By Report and Recommendation dated January 24, 2011, Magistrate Judge Carlson agrees with Defendants and recommends dismissal of Plaintiff's Amended Complaint. (Doc. 54 at 31.) As noted above, Plaintiff filed objections to the Report and Recommendation on February 8, 2011 (Doc. 55); Defendants filed a Brief in Opposition to Plaintiff's Objections to Magistrate Judge Carlson's January 24, 2011 Report and Recommendation (Doc. 56) on February 17, 2011; and Plaintiff has not filed a reply brief and the time for doing so has passed. Therefore, this matter is ripe for disposition.

## III. Discussion

### A.   *Motion to Dismiss Standard*

A party may move to dismiss a claim or claims set forth in a plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). The defendant bears the burden of showing that no claim has been presented. *See*, *e.g.*, *Hedges v. United*

*States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, ---U.S.---, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts

> alleged in the complaint are sufficient to
> show that the plaintiff has a "plausible
> claim for relief." *Id.* at 1950. In other
> words, a complaint must do more than allege a
> plaintiff's entitlement to relief. A
> complaint has to "show" such an entitlement
> with its facts. *See Philips* [*v. Co. of
> Alleghany*], 515 F.3d [224,] 234-35 [(3d
> Cir.2008 )]. As the Supreme Court instructed
> in *Iqbal*, "[w]here the well-pleaded facts do
> not permit the court to infer more than the
> mere possibility of misconduct, the complaint
> has alleged--but it has not 'show[n]'--'that
> the pleader is entitled to relief.'" *Iqbal*,
> 129 S. Ct. at 1949. This "plausibility"
> determination will be "a context-specific
> task that requires the reviewing court to
> draw on its judicial experience and common
> sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

In this case, Plaintiff filed Exhibits to Plaintiffs' Second Amended Complaint (Doc. 21 at 21-39) and Defendants filed Exhibits in suppport of their motion to dismiss (Doc. 30-2 at 1-9) so we must determine what documents may be considered with a motion to dismiss. In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Third Circuit

Court of Appeals had held that "a court can consider certain narrowly defined types of material without converting the motion to dismiss" to one for summary judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, a court can consider "a document integral to or explicitly relied upon in the complaint . . . [and] an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." (*Id.* (internal citations and quotation omitted).) The Circuit Court explained the rationale for these exceptions: "the primary problem raised by looking to documents outside the complaint--lack of notice to the plaintiff--is dissipated where plaintiff has actual notice and has relied upon these documents in framing the complaint."[1] *Id.* (internal citations and quotations omitted).)

Here we conclude the documents attached to Plaintiff's Amended Complaint (Doc. 21 at 21-39) and the documents attached to Defendants' Brief in Support of Motion to Dismiss (Doc. 30-2 at 1-9) are properly considered because they fit within the type of

---

[1]    The Circuit Court noted the following reference in the margin: "For an analysis of materials courts consider on 12(b)(6) motions, see Kurtis A. Kemper, Annotation, *What Matters Not Contained in the Pleadings May Be Considered in Ruling on a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or Motion for Judgment on the Pleadings under Rule 12(c) Without Conversion to Motion for Summary Judgment*, 138 A.L.R. Fed. 393, 1997 WL 475158." *In re Rockefeller*, 184 F.3d at 287 n.10.

material allowed in analyzing a motion to dismiss.

## B. *Plaintiff's Objections*

### 1. <u>Dismissal Contrary to Third Circuit Court of Appeals Opinion</u>

Plaintiff first objects to the Report and Recommendation on the basis that the Magistrate Judge did not dismiss Plaintiff's Amended Complaint (Doc. 21) for any of the reasons outlined in the Third Circuit Court of Appeals opinion in *Farmer v. McVey*, 349 F. App'x 671 (3d Cir. 2009). (Doc. 55 at 5.) Defendants respond that the Magistrate Judge properly recommends dismissal. (Doc. 56 at 4-5.)

We concur with Defendants that the Magistrate Judge properly allowed Plaintiff to amend his Complaint, reviewed that amended complaint, and now recommends dismissal. Therefore, Plaintiff's objection on this issue is without merit.

### 2. <u>Defendants' Personal Involvement</u>

Plaintiff objects to the Magistrate Judge's finding that Plaintiff has failed to allege the personal involvement of Defendants necessary to maintain a cause of action under 42 U.S.C. § 1983. (Doc. 55 at 6.) Defendants respond that Magistrate Judge Carlson properly found Plaintiff's Amended Complaint lacking in this regard. (Doc. 56 at 6.)

In support of his argument, Plaintiff points specifically to an exhibit attached to his Amended Complaint, "Defendants' Personal Involvement Outline" (Doc. 21 Ex. R). We have reviewed this

document and conclude it does not provide the support suggested. Exhibit R is a diagram linking the organizations allegedly involved in the wrongdoings asserted. (Doc. 21 at 38.) However, this vague conclusory outline does not specifically name any individual or provide any information which would support the personal involvement of any Defendant.

While we agree with Defendants that Plaintiff has not specifically attached names to alleged allegations of constitutional wrongdoing, we conclude that dismissal of all Defendants on this basis is not appropriate. Rather, because Plaintiff specifically claims that the Pennsylvania Board of Probation and Parole denied specific constitutional rights, we find that Pennsylvania Board of Probation and Parole Defendants who were involved in actionable parole denials[2] should not be dismissed due to Plaintiff's failure to allege personal involvement.

## 3. Statute of Limitations

Plaintiff objects to the Magistrate Judge's conclusion that his allegations concerning prior parole proceedings are time-barred.[3] (Doc. 55 at 8.) Defendants respond that Plaintiff's arguments on this issue are without merit. (Doc. 56 at 7.) We

---

[2] Actionable parole denials are those not precluded by the applicable statute of limitations as will be discussed *infra*.

[3] In his Amended Complaint, Plaintiff asserts "[t]he unconstitutional violations occurred during plaintiff's incarceration/parole hearings, commencing on or after May 19, 1995, and continuing through each calendar year." (Doc. 21 ¶ 7.)

agree.

Plaintiff points to the Third Circuit's opinion in *Farmer v. McVey*, 349 F. App'x 671, to support his claim that all post 1996 parole proceedings are actionable. (Doc. 55 at 8.) Having reviewed that opinion, we find no basis to conclude that the Circuit Court found all of the prior proceedings actionable and not subject to a statute of limitations defense. Contrary to Plaintiff's inference that the Court of Appeals found *all* claims related to prior parole proceedings actionable, the Circuit Court merely found that it was not frivolous for Plaintiff to raise claims related to prior parole proceedings and they "may" be actionable under § 1983 depending on the precise nature of the proceedings. 349 F. App'x at 674-75.

Magistrate Judge Carlson properly found that Plaintiff's § 1983 claims are subject to a two-year statute of limitations and that claims accrue when Plaintiff knows or has reason to know of the injury that constitutes the basis for his cause of action. (Doc. 54 at 16.) Consistent with the Circuit Court's opinion, the Magistrate Judge did consider the merits of the prior parole proceeding which was not outside the limitations period.

Although Plaintiff argued in briefs submitted in response to Defendants' motion to dismiss that "the doctrine of fraudulent concealment" should be applied to toll the statute of limitations (Doc. 45 at 19) and "the accrual date for the plaintiff should be

11

April 2, 2008" (Doc. 49 at 7), these arguments are without merit.
Because the remedy available upon a finding of an Ex Post Facto
violation would be remand to the Parole Board directing it to hold
a new hearing, alleged violations in earlier hearings are rendered
moot. *Mickens-Thomas v. Vaughn*, 321 F.3d 374, 393 (3d Cir.), *cert.*
*denied sub. nom. Gillis v. Hollowell*, 540 U.S. 875 (2003).
Therefore, the earlier hearings are rendered moot--Petitioner has
already received subsequent hearings on the earlier parole denials.
*See, e.g.*, *McCole v. Pennsylvania Board of Probation and Parole*,
Civ. A. No. 04-261, 2006 WL 2792212, at *2 (W.D. Pa. Sept. 26,
2006); *see also Tucker v. Patrick*, 3:04-CV-1232, slip op. at 10
(M.D. Pa. Dec. 7, 2004) (citing *Schaeffer v. Pennsylvania Bd. of*
*Probation and Parole*, Civil Action No. 3:CV-04-1159, slip op. at 5
(M.D. Pa. Oct. 26, 2004)).

Given this legal framework, Plaintiff's objection on this
issue is without merit.  This conclusion means that the only
actionable parole proceeding is that which occurred in 2008.

**4.   Merits of Plaintiff's Claims**

Finally, Plaintiff objects to the Magistrate Judge's finding
that his claims brought under the Due Process Clause and Ex Post
Facto Clause of the United States Constitution are without merit.
(Doc. 55 at 10.)  With this objection, Plaintiff maintains that
"[t]he retroactive application of the unconstitutional
procedures/policies, violates plaintiff's Due Process rights and

12

the Ex Post Facto Clause of the U.S. Constitution.  The
unconstitutional violations tainted the plaintiff's
incarceration/parole proceedings, thus making it more difficult to
obtain parole, than the procedures/policies in place at the time of
his conviction/sentence."  (Doc. 55 at 10.)   Defendants assert the
Magistrate Judge properly decided these issues.  (Doc. 56 at 9.)

Assuming for purposes of this discussion that Plaintiff's
claims are cognizable in an action brought pursuant to 42 U.S.C. §
1983, we conclude that Plaintiff has failed to state an Ex Post
Facto Clause claim based on the 1996 Amendments to the
Pennsylvania's parole laws and failed to state a due process claim.
We further conclude Defendants have not met their burden of showing
that Plaintiff has failed to state a claim regarding alleged ex
post facto violations related to the Violent Offender Incarceration
and Truth-In-Sentencing Grant Programs, 42 U.S.C. § 13704, *et seq.*

**a.   Ex Post Facto Violations**

Plaintiff first maintains that application of the 1996
Amendments to him violated the Ex Post Facto Clause and the
Magistrate Judge's contrary conclusion is erroneous. (Doc. 55 at
11.)  Defendants disagree, stating that Plaintiff has failed to
allege specific facts necessary to support his claim.  (Doc. 56 at
9.)

The Third Circuit Court of Appeals recently set out the proper
Ex Post Facto Clause inquiry in *Newman v. Beard*, 617 F.3d 775 (3d

Cir. 2010).

> The Ex Post Facto Clause "applies to a statutory or policy change that 'alters the definition of criminal conduct or increases the penalty by which a crime is punishable.'" [*Mickens-Thomas v. Vaughn*, 321 F.3d 374,] 383 [(3d Cir. 2003) ("*Mickens-Thomas I*")] (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3 . . . (1995).

> "The ex post facto inquiry has two prongs: (1) whether there was a change in the law or policy which has been given retrospective effect, and (2) whether the offender was disadvantaged by the change." *Richardson v. Pa. Bd. of Prob. & Parole*, 423 F.3d 282, 287-88 (3d Cir. 2005). The Supreme Court has noted that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of [the Ex Post Facto Clause]." *Garner v. Jones*, 529 U.S. 244, 250 . . . (2000). This is because "[a]n adverse change in one's prospects for release [through parole] disadvantages a prisoner just as surely as an upward change in the minimum duration of sentence." *Mickens-Thomas I*, 321 F.3d at 392.

*Newman*, 617 F.3d at 784.

To show that he was disadvantaged by the change in law or policy, a plaintiff "must show that as applied to his own sentence, the law created a significant risk of increasing his punishment." *Garner*, 529 U.S. at 255. "A speculative or attenuated possibility of increasing the measure of punishment is not enough." *Richardson*, 423 F.3d at 288 (internal quotation omitted). As noted in *Newman*, the Circuit Court "denied an evidentiary hearing in *Richardson* where the habeas petitioner 'provided no evidence, and for that matter . . . proffered no allegations, that a 'significant

14

risk' of increased punishment was created by the application of'
new parole guidelines." *Newman*, 617 F.3d at 785 (quoting
*Richardson*, 423 F.3d at 293)). *Newman* contrasted the grant of
habeas relief in *Mickens-Thomas I* where the inmate "presented
evidence that he had a significant likelihood of parole under the
old policy but was denied parole under a new law, and that the
Parole Board had paroled all similarly situated inmates before the
change in law." *Newman*, 617 F.3d 775 (citing *Mickens-Thomas I*, 321
F.3d at 387). Finally, *Newman* noted the Circuit Court's
observation that "*Mickens-Thomas I* 'may be an exceptional case
because of the compelling nature of the evidence of prejudice.'"
*Newman*, 617 F.3d at 785-86 (quoting *Richardson*, 423 F.3d at 293).

Here, as Defendants' argue (*see*, *e.g.*, Doc. 56 at 11 & n.7)
and the Magistrate Judge found (Doc. 54 at 23-26), Plaintiff has
not made the requisite showing. Although Plaintiff asserts that he
"has put forth the necessary evidence to support his claims" (Doc.
55 at 13), his argument and "evidence" is of a general nature.
(*See* Doc. 21 (Amended Complaint and attached Exhibits).)
Defendants correctly note Plaintiff does not allege that before the
passage of the 1996 Amendments, "the Parole Board never mandated
treatment programs for sex offenders, never required prisoners to
accept responsibility for their actions and never denied parole
because of a prisoner's continued denial of the offense." (Doc. 56
at 11 n.7.) Given the offense for which Plaintiff was convicted

15

and sentenced and the proffered basis for denial of parole as stated in the Parole Board's April 2008 parole denial (Doc. 30-2 at 1)[4], we conclude Plaintiff has not presented evidence which shows "that as applied to his own sentence the [1996 Amendments to Pennsylvania's parole laws] created a significant risk of increasing his punishment." *Garner*, 529 U.S. at 255. Nor has Plaintiff made the requisite showing regarding his other claims related to the 1996 Amendments (e.g., that the Amendments were applied before the effective date (Doc. 21 at 6)). Therefore, Plaintiff's Ex Post Facto Clause claim based on the 1996 Amendments to Pennsylvania's parole laws is properly dismissed.

Plaintiff also maintains the Violent Offenders Incarceration and Truth-In-Sentencing (VOI/TIS) requirements violate the Ex Post Facto Clause. (Doc. 55 at 12.) The Magistrate Judge does not

---

[4] The Notice of Board Decision dated April 9, 2008, provides the following reasons for the denial of parole:

> Your best interests do not justify or require you being paroled/reparoled; and the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore you are refused parole/reparole at this time. The reasons for the Board's decision include the following:
>
> --Your denial of the nature and circumstances of the offense(s) committed.
> --Your refusal to accept responsibility for the offense(s) committed.
> --Your need to participate in and complete additional institutional programs.

(Doc. 30-2 at 1.)

specifically address this aspect of Plaintiff's Ex Post Facto Clause claim.  Defendants note that the relevant statutory provisions, 42 U.S.C. §§ 13701 and 13704, "have no applicability to this matter.  Parole decisions in Pennsylvania are made pursuant to the Parole Act.  These federal laws merely set forth policies for federal funding and are not penal in nature."  (Doc. 56 at 12 n.8.)

We conclude Defendants are not entitled to dismissal of this aspect of Plaintiff's Ex Post Facto Clause claim in that they have not met their burden of showing that relief on this claim is not plausible.  The conclusory assertion set out in the footnote cited above is insufficient, particularly in that our research does not indicate that the Third Circuit Court of Appeals has rejected this basis of an ex post facto claim and other circuits, applying traditional Ex Post Facto Clause analysis, have entertained (though at the summary judgment stage of proceedings ultimately rejected) similar claims.  *Porter v. Ray*, 461 F.3d 1315 (11th Cir. 2006)[5];

---

[5]  In *Farmer v. McVey*, 349 F. App'x 671, our Circuit Court cited *Porter*:

> Farmer had not alleged the source of [federal grant award requirements], but he appears to be referring to the Violent Offenders Incarceration--Truth in Sentencing Act, 42 U.S.C. § 13704, *et seq.*, which imposes requirements that states must meet in order to receive federal grants for the construction and improvement of prisons.  *See Porter v. Ray*, 461 F.3d 1315, 1321 (11th Cir. 2006).

349 F. App'x at 673 n.1.

17

*McGoy v. Ray*, 264 F. App'x 876 (11ᵗʰ Cir. 2006). With this conclusion we make no judgment regarding the merits of Plaintiff's VOI/TIS based claim and decide here only that Defendants' have not met their 12(b)(6) burden.

### b. Due Process Violations

With his final objection, Plaintiff asserts that the Magistrate Judge improperly analyzed his Due Process Clause claim in that he did not raise a substantive due process claim but rather asserts a procedural due process claim in his Amended Complaint. (Doc. 55 at 14.) Defendants respond that Plaintiff received all the process due when he applied for parole. (Doc. 56 at 12-14.) We agree.

*Newman* analyzed both substantive and procedural due process claims brought by an inmate claiming due process violations in connection with his parole hearings in Pennsylvania. 617 F.3d at 782.

> "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113 . . . (1990) (quoting *Daniels v. Williams*, 474 U.S. 327 . . . (1986)). Conduct can violate substantive due process if it "'shocks the conscience,' which encompasses 'only the most egregious official conduct.'" *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008) (quoting *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)). The conduct must be "intended to injure in some way unjustifiable by any government interest

18

> . . . ." *Cnty. of Sacramento v. Lewis*, 523
> U.S. 833, 849 . . . (1998).

*Newman*, 617 F.3d at 782.

To the extent Plaintiff's Amended Complaint may have been
construed to assert a substantive due process claim, the Magistrate
Judge applied the applicable standard, i.e., regarding a parole
proceeding, "the requirements of substantive due process are met if
there is some basis for the challenged decision." (Doc. 54 at 28
(citing *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001))); *see
also Newman*, 617 F.3d at 782 ("[T]he 'relevant level of
arbitrariness required to find a substantive due process violation
involves not merely action that is unreasonable, but, rather,
something more egregious, which we have termed at times 'conscience
shocking' or deliberately indifferent.'" (*Id.* (quoting *Hunterson v.
DeSabato*, 308 F.3d 236, 246 (ed Cir. 2002)).) We find no error in
the Magistrate Judge's conclusion and will not further discuss his
finding on this matter because Plaintiff maintains he does not
raise a substantive due process claim.

Analyzed under procedural due process standards, we agree with
Defendants that Plaintiff has failed to state a claim.

Again we turn to *Newman* to provide the framework for the
consideration of an inmate's procedural due process claim as it
applies to parole in Pennsylvania.

> "In analyzing a procedural due process
> claim, the first step is to determine whether
> the nature of the interest is one within the

19

contemplation of the 'liberty or property' language of the Fourteenth Amendment." *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000) (citing *Fuentes v. Shevin*, 407 U.S. 67 . . . (1972). "Once we determine that the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it." *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 . . . (1972)). The underlying liberty interest can be derived directly from the Due Process Clause or from the state's statutory scheme. *See Asquith v. Dep't of Corr.*, 186 F.3d 407, 409 (3d Cir. 1999) ("A protected liberty interest may arise from only one of two sources: the Due Process Clause or the laws of a state.").

The Supreme Court has held that the Constitution does not establish a liberty interest in parole that invokes due process protection." *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 . . . (1979). Thus if [a convicted Pennsylvania plaintiff] has a liberty interest in some aspect of his parole, it must derive from the Pennsylvania parole statute. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (recognizing that "States may . . . create liberty interests which are protected by the Due Process Clause").

The relevant Pennsylvania parole statute provides that the Parole Board "shall have the power, and it shall be its duty, to consider applications for parole by a prisoner . . . . 61 P.S. § 331.22 (2007), repealed by 2009 Pa. Laws 33. The statute further provides that the Parole Board shall have "the duty" to consider, inter alia, "[t]he general character and background of the prisoner" and "the conduct of the person while in prison and his physical, mental and behavior condition and history . . . ." 61 P.S. § 331.19 (2007), repealed by 2009 Pa.

Laws 33.[6]

> The Parole Board concedes that [the plaintiff] is entitled to have his parole application "fairly considered." . . . Such a right is not without support. *See Mickens-Thomas v. Vaughn*, 321 F.3d 374, 393 (3d Cir. 2003) ("*Mickens-Thomas I*") (discussing Parole Board's duty to "give [the inmate] a fair hearing" in context of due process challenge); *Jamieson v. Commonwealth, Pa. Bd. of Prob. & Parole*, . . . 495 A.2d 623, 627 ([Pa. Cmwlth.] 1985) ("[A] prisoner does have the right to *apply* for parole . . . and have *that* application *considered* by the Board.") (citations omitted); *accord Banks v. Bd. of Prob. & parole*, 4 Pa. Cmwlth. 197, 200 (1971). However, as the Pennsylvania Supreme Court has explained, "the Parole Board's decision to grant or deny parole does not affect an existing enjoyment of liberty." *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 323 (Pa. 1999); *see also Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) ("[T]he decision to deny parole . . . does not implicate any constitutionally protected interest.").

*Newman*, 617 F.3d at 782-83.

Analyzing Petitioner's procedural due process claim within this legal framework, we agree with Defendants that Plaintiff has received the process due. The numerous parole decisions issued from 1995 to 2008 (*see* Doc. 30-2 at 1-9) show Plaintiff was allowed to exercise his right to apply for parole and the Parole Board considered each application. Therefore, the process due pursuant to the liberty interest protected by Pennsylvania statute has been satisfied, and Plaintiff's procedural due process claim is properly

---

[6] The statutes are currently codified at 61 Pa. C. S. §§ 6132 and 6135 (2010). *Newman*, 616 F.3d at 783 n.5.

dismissed.

## IV. Conclusion

For the reasons discussed above, we adopt Magistrate Judge Carson's Report and Recommendation (Doc. 54) in part and grant Defendants' Motion to Dismiss (Doc. 44) in part and deny it in part. The motion is granted insofar as Plaintiff's Due Process Clause claim is dismissed and his Ex Post Facto Clause claim is dismissed in all respects other than the Violent Offenders Incarceration and Truth-In-Sentencing Act, 42 U.S.C. § 13704, *et seq.*, basis asserted. Coupled with our conclusions regarding the proper Defendants in this action, *see supra* p. 10, and the actionable proceeding implicated, *see supra* p. 12, Plaintiff's Ex Post Facto Clause claim goes forward only as to Pennsylvania Board of Probation and Parole Defendants who were involved with Plaintiff's 2008 parole hearing. An appropriate Order follows.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: February 28, 2011

22

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH W. FARMER,                    :
                                     :CIVIL ACTION NO. 4:09-CV-166
          Plaintiff,                 :
                                     :(JUDGE CONABOY)
          v.                         :(Magistrate Judge Carlson)
                                     :
CATHERINE C. McVEY, et al.,          :
                                     :
          Defendants.                :
                                     :

_____

**ORDER**

AND NOW, THIS 28th DAY OF FEBRUARY 2011, FOR THE REASONS SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1.  The Magistrate Judge's Report and Recommendation (Doc. 54) is adopted in part;

2.  Defendants' Motion to Dismiss (Doc. 29) is granted in part and denied in part;

3.  The motion is granted insofar as Plaintiff's Due Process Clause claim is dismissed and his Ex Post Facto Clause claim is dismissed in all respects other than the Violent Offenders Incarceration and Truth-In-Sentencing Act, 42 U.S.C. § 13704, *et seq.*, basis asserted;

4.  All Defendants except the Pennsylvania Board of Probation and Parole Defendants involved with Plaintiff's 2008 parole hearing are dismissed;

5.  Plaintiff's Ex Post Facto Clause claim goes forward only

as it relates to the Violent Offenders Incarceration and Truth-In-Sentencing Act, 42 U.S.C. § 13704, *et seq.*, in the context of Plaintiff's 2008 parole hearing against those Pennsylvania Board of Probation and Parole Defendants involved in that hearing;

6.  Defendants are directed to file a brief addressing the Violent Offenders Incarceration and Truth-In-Sentencing Act, 42 U.S.C. § 13704, *et seq.*, aspect of Petitioner's Ex Post Facto Clause claim within fourteen days of the date of this Order;

7.  Plaintiff may file a response to Defendants' brief within fourteen days of service of that brief;

8.  This matter is remanded to Magistrate Judge Carlson for further consideration.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge